No. 1453. MARTIN GORDON v. J. J. TERRELL, COMMISSIONER OF THE GENERAL LAND OFFICE.

No. 1454. E. C. WHITMYER v. SAME.

No. 1455. C. N. CHILDRESS v. SAME.

No. 1456. WILLIAM NELSON v. SAME.

No. 1457. W. M. ODOM v. SAME.

No. 1458. W. A. LITTLE v. SAME.

No. 1459. JOHN YEAKEL v. SAME.

No. 1460. R. MILLIGAN v. SAME.

No. 1461. W. N. PENCE v. SAME.

Decided December 14, 1905.

**Supreme Court—Mandamus—Jurisdiction—Question of Fact.**

The Supreme Court has no jurisdiction to try issues of fact in a proceeding before it to procure the issuance of mandamus against the commissioner of the General Land Office; and in such proceedings brought by applicants for the purchase of school land as actual settlers, their status as settlers is necessary to entitle them to recover, and on the filing of an answer by respondent denying that they possess such qualification the suit must be dismissed. (Pp. 404, 405.)

Original applications in the Supreme Court for writs of mandamus against the commissioner of the general land office.

The lands applied for had been revalued by the commissioner of the general land office, which proceeding relators claimed was unauthorized, and they applied to purchase at the price originally fixed.

*C. K. Bell, R. H. Looney* and *Willis E. Thorne,* for relators.—While it is conceded that this court has not the machinery to try a question

of fact, yet not all facts that may be denied by an answer in a mandamus suit may be competent to raise an issue therein. Confessedly the denial of a fact must be the denial of a material fact. It must also be a denial apparently—upon its face at least—in good faith and properly verified. Confessedly John J. Terrell, known to be a resident of Austin, Texas, many hundred miles removed from the location of the lands involved, could not know of his own knowledge whether the relators in this case were, at the time of filing their application, actual settlers or not, or whether or not, since then, they have ceased to be at any time actual settlers and residents upon the ground which they made application to purchase, nor is this a matter which falls within the power of the land commissioner to judicially try or to determine, except by .inspection of the papers authorized and provided by the statute to be placed before him. The record speaks, and the statute has not invested him with the machinery to make inquiry beyond such legally authorized documentary evidence to determine such matters otherwise. The applicant swears he is an actual bona fide settler. Where does the statute invest the commissioner of the land office with power to go behind this affidavit to summon witnesses to hear ex parte testimony and try this issue? The truth or falsity of the affidavit is a matter between the applicant, his conscience and his state.

GAINES, CHIEF JUSTICE.—These nine cases involve the same questions and have been submitted by the respective relators upon one brief. The respondent has likewise filed a single brief as applicable to each case.

Each of the relators seeks to obtain a writ of mandamus by which to compel the respondent, the Commissioner of the General Land Office, to award him certain sections of school lands which he had made application to purchase—which application had been rejected by the Commissioner. The respondent filed a separate answer in each case in each of which, among other things, he alleges, under oath, in substance, that the relator was not at the time of making his application, nor has ever since been an actual settler upon the section sought to be purchased by him as a home section, nor upon any other section of land for which he made application. The allegation directly traverses the averment in the petition that the relator was an actual settler upon the section applied for as a home section, and raises a question of fact, which this court has no power to determine. The general rule of the statute in regard to the sale of the school lands as expressly declared is, that they "shall be subject to sale, but to actual settlers only." This is a condition precedent to the right to purchase, and hence as we think where a claimant of such lands seeks to establish his right as a purchaser, especially as against the Commissioner of the General Land Office who has rejected his application, he must allege and, if controverted, must prove that at the time he made his application he was an actual resident upon the land for the purpose of making it his home. If the action be brought in this court and the fact of actual settlement be denied under oath, it takes away the jurisdiction of this court, because we have no power to pass upon a question of fact. The applications involved in each

of these cases were made in November, 1904, and what we have said is in reference to the laws in force at that time.

Each of the petitions is therefore dismissed for want of jurisdiction.